UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No 18-cv-60850-UU

PATH MEDICAL, LLC,

    Plaintiff,

v.

GEICO INDEMNITY COMPANY,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised on the premises.

For the reasons set forth below, this matter must be remanded to the Seventeenth Judicial Circuit Court in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## BACKGROUND

On April 17, 2018, Defendant removed this action from the County Court of Broward County on the basis of diversity jurisdiction. D.E. 1. Plaintiff alleges that GEICO issued a motor vehicle insurance policy to Kervens Desamours, who suffered an accident and sought medical treatment from Plaintiff. GEICO refused to pay for the treatment. Accordingly, Plaintiff sued GEICO for breach of contract, declaratory relief, and statutory bad faith.

## **LEGAL STANDARD**

A defendant may remove an action to a federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332. "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Removal statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts of limited jurisdiction" and "any uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

## **ANALYSIS**

The Complaint includes no allegations setting forth an amount in controversy. It does not allege, for example, the amount of the insurance policy at issue or the extent of the insured's medical bills or other covered damages. Neither does Defendant provide any of this information in the notice of removal. Indeed, Defendant provides no evidence that the amount in controversy exceeds $75,000. Defendant has not, for example, provided a decision from a Florida court, or any court, in which a similar claim resulted in a judgment of more than $75,000.

Defendant argues that the amount-in-controversy must be satisfied here because Plaintiff seeks attorney fees and punitive damages. This is pure speculation. Defendant provides no evidence suggesting a particular amount of fees or damages, much less an amount in excess of $75,000. Defendant points to a different lawsuit where it sued Plaintiff and others for $15,000,000 for fraud. But that case is wholly different from the present insurance contract dispute, which involves one individual's claim for coverage. The Court cannot find, therefore, that the amount in controversy exceeds the threshold. *See* 28 U.S.C. § 1446 (c)(2)(B). For these

reasons, Defendants have failed to establish that this Court has subject matter jurisdiction and the court must remand this action back to the state court. *See, e.g., University of So. Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999). It is, therefore, hereby

ORDERED AND ADJUDGED that this action is REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward, Florida. This case is CLOSED for administrative purposes. All hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in chambers at Miami, Florida this 20th day of April, 2018.

_____
UNTIED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf